CHARLES GIORDANO *vs.* CHARLES J. AUDITORE.

Suffolk.    December 4, 1968. — January 30, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Sale of Securities Act. Sale,* What constitutes, Sale of securities, Sales-
man. *Words,* "Sale."

Where it appeared that stock not qualified for sale under G. L. 110A
was sold in violation of § 5 at the office of a brokerage corporation
through an employee thereof who was registered as a salesman but
not as a broker under c. 110A and was not an officer or stockholder
of the corporation, and that the corporation was the owner of the
stock sold and received the payment therefor, it was held that the sales-
man was a seller of the stock within §§ 5, 18, and was liable to the pur-
chaser in an action under § 18 to rescind the sale and recover the
purchase price.

CONTRACT.    Writ in the Superior Court dated Decem-
ber 15, 1961.

A motion for summary judgment for the plaintiff was
allowed by *Fairhurst,* J.

*Jacob Green* for the defendant.

*Edward F. Myers* for the plaintiff.

WILKINS, C.J.    This is an action of contract for rescission
of sales of securities, allegedly made in violation of the Sale
of Securities Act, G. L. c. 110A, § 5 (as amended through
St. 1954, c. 558, § 3), and for recovery of the purchase
price as authorized in G. L. c. 110A, § 18 (as amended
through St. 1938, c. 445, § 12).[1]    A motion for judgment
for the plaintiff on undisputed facts was allowed.    The de-
fendant excepted.

---

[1] "Every sale or contract of sale of any security made in violation of any
provision of section five shall be voidable at the election of the purchaser,
who shall be entitled to recover from the seller in an action at law, upon
tender to the seller in person . . . of the security sold . . . the full amount
paid by such purchaser for such security with interest from the date of pur-
chase . . . ."

Giordano *v.* Auditore.

The defendant was employed by Keller Brothers Securities Co., Inc. (Keller), but was not an officer or stockholder. He was registered as a "salesman" of securities in this Commonwealth, but not as a "broker."[1]

The plaintiff made purchases of Phoenix Savings and Loan Association, Inc. (Phoenix) on five occasions from October 3, 1960, to February 21, 1961, inclusive, which were effected through the defendant at Keller's office in Newton. The stock was owned by, and payment was received by Keller. Ten months after the last purchase, by writ dated December 15, 1961, the plaintiff brought this action against Auditore in count 1 and against Keller in count 2. The latter count has become immaterial.

All the facts necessary to support the judge's action in allowing the motion for judgment are undisputed. Among these is the fact that the shares of Phoenix were never qualified for sale under G. L. c. 110A. The only issue is one of law whether the defendant as "salesman" was a "seller" within G. L. c. 110A, § 5.[2]

In *Kneeland* v. *Emerton*, 280 Mass. 371, 376, Chief Justice Rugg, on behalf of the court, said in our first decision under the Sale of Securities Act, "It is manifest from this legislative background as well as from its provisions that the statute was enacted for the protection of the public from fraud and imposition in the sale to them of securities of little or no value or based upon unsubstantial projects and schemes."

---

[1] General Laws c. 110A, § 2 (as amended through St. 1939, c. 442, § 4), provides: "(e) 'Broker' shall include every person, other than a salesman, who in this commonwealth engages, as principal or agent, in the business of selling securities, whether issued by himself or another. (f) 'Salesman' shall include every person employed, appointed or authorized by a broker to sell securities within this commonwealth, whether or not the person so employed, appointed or authorized receives compensation therefor."

[2] Section 5 (as amended through St. 1954, c. 558, § 3) provided in material part: "No security, not exempt under section four, shall be sold, except as exempted by section three, within this commonwealth, until there shall have been filed with the commission [supervising and controlling the department of public utilities] a notice of intention to sell the security . . . provided that this prohibition shall not extend to solicitations, or other preliminary negotiations, by a registered broker or salesman, with no consideration paid or received, no transfer or delivery of any security made, and no binding option, subscription or other contract entered into. Upon the filing of said notice, such security may be sold by any broker or salesman registered hereunder . . . ."

The general purpose of the statute, as thus expressed, and many of its specific provisions preclude our acceptance of the defendant's contention that the transaction which he "effected" with the plaintiff did not constitute a sale within § 5. None but registered brokers and salesmen are allowed to sell any security covered by the act.[1] An example of such a security is Phoenix capital stock. The definition of salesman applies to a person employed to sell securities as was the defendant. Section 5 applies broadly to every security not expressly exempted, and by way of precaution extends a saving clause in favor of certain enumerated acts by a registered broker or salesman which are placed outside the scope of the "prohibition." Throughout c. 110A salesmen are coupled with brokers without substantial distinction.

The defendant relies upon § 18, which declares that the purchaser can avoid the sale and receive the full amount paid "upon tender to the seller . . . of the security sold." He emphasizes the provision that the purchaser must accept "an offer in writing of the seller to take back the securities . . . and to refund the full amount paid by such purchaser." From this the defendant argues that it is an unreasonable construction of c. 110A to hold the defendant-employee to be the seller when he never owned the stock and never received the purchase price. To the contrary, our opinion is that it would be unreasonable to hold that a sale under c. 110A cannot be made by a salesman. As was said in *Kneeland* v. *Emerton, supra,* 280 Mass. 371, 382, the word "sale" is a word of "comprehensive signification." See G. L. c. 110A, § 2 (d).

The defendant also relies upon what he claims are significant amendments to the Sale of Securities Act enacted subsequent to the sales in the case at bar. We are not impressed by the changes made by St. 1965, c. 131, §§ 1 and 2, in adding § 5A to G. L. c. 110A, and amending § 18. These

---

[1] § 9 (as amended through St. 1938, c. 445, § 7). "No person shall sell any security within this commonwealth, whether or not such security is exempt under section four, except as provided in section three and section fifteen (a), unless he is registered as a broker or salesman by the commission."

amendments, as we read them, underscore the legislative intention that the statute be of comprehensive scope. None of the defendant's arguments outweighs the logic of the statute and its purpose.

There is no basis in the record for contending that the defendant was the agent of the purchaser. The case of *Herscot* v. *Gerold*, 346 Mass. 611, is not an authority for the defendant.

*Exceptions overruled.*